## BYOUS *v.* MOUNT.

### (*Knoxville.* November 5, 1890.)

1. EXEMPTIONS. *Of pork and stock hogs from execution.*

   B., the head of a family of more than six persons, was engaged in agriculture, and in the month of July owned two open sows, weighing seventy-five pounds each, twelve pigs weighing eighteen or nineteen pounds each, six shoats—barrows and spayed sows—weighing eighty pounds each, and fifteen pounds of bacon.

   *Held:* That none of this property was subject to levy under execution. The two open sows and eight of the pigs are protected by the exemption of "ten head of stock hogs" to each head of a family "engaged in agriculture." The six shoats and four remaining pigs, and the fifteen pounds of bacon, are protected by the exemption to each head of a family of more than six persons of 1,200 pounds of pork, "slaughtered or on foot," or 900 pounds of bacon.

   Code construed: §§2931, 2932 (M. & V.)—Acts of 1870–71, Ch. 71.

2. SAME. *In the alternative.*

   Where the exemption is in the alternative—as, of 1,200 pounds of pork *or* 900 pounds of bacon—the debtor may take both pork and bacon, but the aggregate of both, when reduced to the value of either, must not exceed the amount given by the statute.

3. SAME. *What are " stock hogs."* 

   "Stock hogs," within the meaning of the exemption laws, are such as are capable of reproduction, and do not therefore include barrows and spayed sows.

4. SAME. *What is pork " on foot."*

   Pork " on foot," within the meaning of the exemption laws, includes hogs of all sizes and condition at all seasons of the year, which may, "in due season and at the convenience of the debtor, be prepared for and converted into pork."

5. SAME. *Statute creating liberally construed.*

Doctrine re-affirmed that statutes creating exemptions from execution are liberally construed in favor of the debtor class.

Cases cited and approved: Wolfenbarger v. Standifer, 3 Sneed, 659; Richardson v. Duncan, 2 Heis., 220; Webb v. Brandon, 4 Heis., 285; Pyett v. Rhea, 6 Heis., 137; Simons v. Lovell, 7 Heis., 514.

---

FROM SEVIER.

---

Appeal in error from Circuit Court of Sevier County. W. R. HICKS, J.

M. B. McMAHAN, W. R. TURNER, and G. W. PICKLE for Byous.

J. R. PENLAND for Mount.

CALDWELL, J. Byous is a farmer, residing in Sevier County. He is the head of a family, having a wife and five minor children living with him.

July 26, 1889, he owned twenty hogs, as follows: Two open brood-sows, weighing seventy-five pounds each; twelve small pigs, weighing eighteen or nineteen pounds each; and six shoats, spayed sows, and barrows, weighing eighty pounds each, on an average. He owned no other hogs, had no slaughtered pork, and only fifteen pounds of bacon.

On the day mentioned a Constable, having an

execution for a small sum against Byous, levied on one of the open sows, three of the small pigs, and three of the shoats. Byous claimed all his hogs as exempt property, and protested against the seizure by the officer. After the levy was made he instituted this action of replevin before a Justice of the Peace to recover the possession of the hogs levied on from the Constable. Being unsuccessful before the Magistrate, Byous appealed to the Circuit Court. The case was there tried by the Circuit Judge without a jury, and judgment was again rendered against Byous. He then appealed in error to this Court, and assigned errors.

Were the hogs seized by the Constable exempt from execution? Section 2932 of the Code (M. & V.) provides that "ten head of stock hogs" shall be exempt in the hands of each head of a family "engaged in agriculture." Under this provision Byous was clearly entitled to the two brood-sows and eight of the small pigs as exempt. None of the shoats were exempt under this provision, because they were not "stock hogs," being spayed sows and barrows, and therefore incapable of reproduction.

Section 2931 of the Code provides that 1,200 pounds of pork, "slaughtered or on foot," or 900 pounds of bacon, shall be exempt in the hands of each head of a family consisting of more than six persons. By this provision Byous was manifestly authorized to claim an exemption of all the other hogs. He had only fifteen pounds of bacon

and no slaughtered pork. Since each family con-
sisting of more than six persons, is entitled to an
exemption of 900 pounds of bacon or 1,200 pounds
of pork, three pounds of bacon are to be treated
as the equivalent of four pounds of pork. The
family may claim both bacon and pork, some of
one and some of the other, so that the aggregate
does not exceed the maximum mentioned in the
statute, due regard being observed for the com-
parative value of each as just stated. To illustrate:
The full exemption may be 450 pounds of bacon
and 600 pounds of pork, or 300 pounds of bacon
and 800 pounds of pork, or 600 pounds of bacon
and 400 pounds of pork.

The fifteen pounds of bacon on hand in this
case may be treated as the equivalent of twenty
pounds of pork, and thus it is ascertained that
Byous was entitled to an exemption of 1,180
pounds of pork, slaughtered or on foot, if he had
owned so much. In fact, the six shoats and four
pigs that we hold he was entitled to claim,
weighed, at the time of the levy, only 552 pounds
to 556 pounds.

It is true that these shoats and pigs were not
then of the most profitable sizes, or in the best
condition of flesh to be slaughtered, and that the
usual season for slaughtering and packing pork, in
this climate, was not then at hand; yet, these are
immaterial circumstances so far as the legal right
of exemption is concerned.

After reserving the stock hogs allowed him,

these ten were all the debtor was fortunate enough to have left for pork. Six of them had been set apart for that purpose, by spaying the females and castrating the males, and in due season they would be ready for the slaughter-pen. The other four, though smaller and of less value, could nevertheless be made of service in contributing a share to the supply of food for the debtor's family. To all of them, the shoats and pigs, Byous had the same right of exemption that his neighbor had to hogs of better size and better condition; to them he had the same right of exemption in July that he would have had to larger and well-fatted hogs in November or December. The designation, *pork on foot*, as used in the exemption statute, embraces hogs that may, in due season and at the convenience of the debtor, be prepared for and converted into pork, as well as those that may be ready for the knife at the time the officer appears with his execution or attachment.

The statute does not declare, directly or indirectly, that the exemption shall apply only to hogs of a particular size and condition, and at a particular season of the year. The provision is general, and should be liberally construed in favor of the debtor. Such is the general rule in the construction of exemption statutes. 3 Sneed, 659; 2 Heis., 220; 4 Heis., 285; 6 Heis., 137; 7 Heis., 514.

To hold that hogs are exempt as pork only when they can be slaughtered to the best advan-

tage, would be to defeat the statute entirely in the majority of cases. Such a narrow and unwise construction this Court is unwilling to adopt.

Byous makes out a complete case of exemption. For the failure of the trial Judge to so hold, we reverse his judgment.

The case having been tried by the Circuit Judge without the intervention of a jury, this Court, under a familiar rule of practice, will render the judgment he should have rendered.

Reverse and enter judgment here in favor of Byous, taxing Mount with all costs.